## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

**BARNETT OUTDOORS L.L.C.**                                    **CIVIL ACTION NO. 07-1558**
           *Plaintiff/Counter defendant*

**VS.**

**EXTREME TECHNOLOGIES, INC.**                        **MAGISTRATE JUDGE METHVIN**
**dba BowTech**                                                          **BY CONSENT OF THE PARTIES**
**STRYKER MANUFACTURING, INC.**
           *Defendants/Counter claimants*

### *RULING ON MOTION TO TRANSFER*
### *(Rec. Doc. 30)*

Before the court is a motion to transfer filed by defendants Extreme Technologies, Inc. and Stryker Manufacturing, Inc.  Defendants seek to transfer this patent infringement case to the United States District Court for the District of Oregon, pursuant to 28 U.S.C. § 1404(a) and §1400(b). Plaintiff, Barnett Outdoors, L.L.C., filed an opposition and defendants replied.[1]

### *Background*

Plaintiff alleges that defendants made, used, and sold certain crossbows which infringe on plaintiff's U.S. Patent No. 6,901,921 ("921"), entitled "Crossbow With Inset Foot Claw." Plaintiff maintains that defendants sold the Stryker crossbow and Desert Stryker crossbow which have features that are outlined in the 921 Patent, particularly: 1) a bow, 2) a stock having opposed longitudinal ends; and 3) a foot stirrup mounted to the stock forward end, which allows a user's foot to be inserted to support the crossbow for cocking.  Defendants denied the allegations and filed a counterclaim seeking a declaratory judgment invalidating the 921 Patent because it does not comply with 35 U.S.C. § § 103 and 112.

---

[1] Rec. Doc. 33 and 37.

2

### *Legal Analysis*

Defendants assert that the court should transfer the case to the District of Oregon for the convenience of the parties.[2]

A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  Section 1404 is a partial codification of the doctrine of forum non conveniens set forth in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 67 S.Ct. 839 (1947). The purpose of the statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) *quoting* <u>Van Dusen</u> 376 U.S. at 622.

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the venue proposed by the mover.  Proper venue for patent infringement is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  It is

---

[2]  In their motion, defendants also argued that venue as to Stryker was improper and the court had no personal jurisdiction over Stryker because that company does not reside or conduct business in Louisiana.  In their reply brief, however, defendants essentially concede that by not raising these issues in their answer, the challenge to venue and personal jurisdiction were waived.  Thus, the only remaining issue is whether the court should transfer venue based upon convenience of the parties.

uncontested that defendants are Oregon corporations.  Thus, the suit could have been filed

originally in Oregon.

Once the court determines that the action could have been filed in the destination venue,

it must assess the "convenience" of maintaining the suit in the venue where it was actually filed.

This determination turns on a number of private and public interest factors, none of which are

given dispositive weight.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) *citing* Action

Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir.2004), and Syndicate 420 at

Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir.1986).

The private concerns include: "1) the relative ease of access to sources of proof; 2) the

availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance

for willing witnesses; and 4) all other practical problems that make trial of a case easy,

expeditious and inexpensive." In re Volkswagen AG, 371 F.3d at 203 *citing*  Piper Aircraft Co. v.

Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).  The plaintiff's choice of

forum is also a factor to be considered, although it is neither controlling nor determinative.  In re

Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003).

Public interest factors include: 1) the administrative difficulties flowing from court

congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity

of the forum with the law that will govern the case; and 4) the avoidance of unnecessary

problems of conflict of laws of the application of foreign law.  Id.

Defendants contend that in patent infringement cases, the preferred forum is that which is

the "center of the gravity" of the accused activity, citing Laitram Corp. v. Hewlett-Packard Co.,

120 F.Supp.2d 607 (E.D.La. 2000); Saint-Gobain Calmar, Inc. V. Nat'l Prods. Corp, 230

4

F.Supp.2d 655 (E.D. Pa. 2002).  The center of gravity analysis considers the location of the

infringing product's development, testing, research, and production, and the place where

marketing and sales decisions were made.  S.C. Johnson & Son, Inc. v. Gillette Co., 571 F.Supp.

1185, 1188 (N.D.Ill.1983); Laitram Corp. V. Hewlett-Packard Co., supra.

While it is uncontested that many of the operative facts concerning the design and

production of the allegedly infringing crossbows occurred in Oregon, and defendants' principal

place of business is in Oregon, the "center of gravity" test is not dispositive.  The center of

gravity theory is generally applied in cases in which the plaintiff brings suit in a foreign forum.

Optima, Inc. v. Republic Industries, Inc., No. 94-3919 at *3 (E.D.La. Feb. 21, 1995).  A

plaintiff's choice of venue is afforded greater deference when the case is brought in the plaintiff's

home forum.  See Ricoh Co. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J.1993).

Although plaintiff is a Florida limited liability company, it has substantial ties to

Louisiana, and has chosen to bring suit in Louisiana.  Plaintiff maintains an office in Broussard,

Louisiana,[3] and plaintiff's only manager, Bill A. Busbice, resides in Lafayette and runs plaintiff's

operations from the Broussard office.  The 70% majority owner of plaintiff is Wildgame

Innovations, L.L.C., which is a Louisiana company with an office in Broussard.  Moreover,

plaintiff sells its crossbows to several dealers throughout Louisiana.

Likewise, Louisiana is not foreign to defendants.  Defendant Extreme's website lists 22

dealers located in Louisiana that sell its products, and one of defendants' allegedly infringing

crossbow was purchased in Lafayette.

---

[3] Exhibit A to Rec. Doc. 33.

5

Defendants point out that their witnesses are located in Oregon.  While some weight should be accorded to this fact, it is noted that most of the witnesses are defendants' officers or employees.  It is generally the convenience of *non-party* witnesses which is given greater weight in balancing competing interests.  *See* Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F.Supp. 1163, 1166 (S.D.Tex.1994) (the convenience of non-party witnesses, rather than employee witnesses, is an important factor and is accorded great weight) *citing* Aquatic Amusement Assoc. v. Walt Disney World, 734 F.Supp. 54, 57 (S.D.N.Y.1990); *see also* DEV Indus., Inc. v. NPC, Inc., 763 F.Supp. 313, 315 (N.D.Ill.1991); Designs by Glory v. Manhattan Creative Jewelers, 657 F.Supp. 1257, 1259 (S.D.N.Y.1987).

Plaintiff's potential witnesses, on the other hand, include a number of non-parties, including Louisiana dealers who will testify regarding the purchase and sale of the allegedly infringing crossbows.  It is highly unlikely that plaintiff will be able to secure the presence of the Louisiana dealers at a trial in Oregon.

Several of plaintiff's witnesses reside in Florida or England and would have to travel regardless of whether the trial is held in Louisiana or Oregon.  Accordingly, this fact does not favor transfer.

Considering that defendants sell the allegedly infringing crossbows in Louisiana, plaintiff's non-party witnesses are located in Louisiana, and plaintiff has chosen to file suit in Louisiana, where it conducts business operations, it is clear that the private concerns favor maintaining the suit in plaintiff's chosen forum, despite the "center of gravity" regarding the patent being in Oregon.

6

With regard to the public interest factors, defendants have not shown that Oregon is the more favorable forum.  The patent laws at issue are uniform, nor does the case present local interests that are best decided by an Oregon court rather than Louisiana.

### *Conclusion*

Considering the foregoing, the undersigned concludes that the private and public interests weigh in favor of maintaining the suit in this Louisiana venue.  Accordingly,

**IT IS ORDERED** that the Motion to Transfer Venue is DENIED.

Signed at Lafayette, Louisiana, on June 27, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)